J-A03021-19

2019 PA Super 123

| IN RE: ESTATE OF ANNA MARIE LEIPOLD, DECEASED | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: SCOTT M. HINES AND KELLY A. SCHUELTZ | : : : : : : : | No. 1192 WDA 2018 |

Appeal from the Order Entered July 19, 2018
In the Court of Common Pleas of Westmoreland County
Orphans' Court Division at No(s): No. 6518-0670

BEFORE: BOWES, J., SHOGAN, J., and STRASSBURGER[*], J.

OPINION BY SHOGAN, J.:                                    **FILED APRIL 23, 2019**

Scott M. Hines and Kelly A. Schueltz ("Appellants") appeal from the July 19, 2018 order that denied their petition for a judicial sale of real property that was part of the estate of Appellants' deceased mother, Anna Marie Leipold. For the reasons that follow, we reverse and remand for further proceedings consistent with this Opinion.

The orphans' court provided the following relevant background:

> This matter is before this Court regarding an appeal of an order issued by this Court on July 19, 2018, which denied the Petition for Judicial Sale of Real Estate in this matter filed by Appellants Scott M. Hines and Kelly A. Schueltz, Administrators of the Estate of Anna Marie Leipold.
>
> The estate of Anna Marie Leipold contains real property located at 444 North Market Street, Ligonier, Pennsylvania, 15658 which is presently subject to a mortgage with Quicken Loans

---

[*] Retired Senior Judge assigned to the Superior Court.

[Inc.][1] consisting of an outstanding balance of approximately $77,129.41 at the time of death of the decedent. Subsequent to their appointment as administrators, [Appellants] received an offer of $82,000.00 for the sale of the property, and requested court approval for the judicial sale of the property, as the selling price would not be sufficient to satisfy the mortgage lien and outstanding claims against the property.

[Appellants] requested the sale pursuant to 20 Pa.C.S.A. § 3353, which allows the [c]ourt to authorize sales of encumbered or otherwise unavailable real or personal property for the proper administration and distribution of the estate.

\* \* \*

Here, Quicken Loans, the mortgage holder and Respondent [objected to the petition for judicial sale] at time of presentation of [Appellants' petition].

\* \* \*

[Appellants] would argue that the sale would be in the interest of the proper administration and distribution of the estate[.] [Appellants] cite in their [petition for judicial sale] only to a hardship in maintaining the property over time and/or difficulty in finding a buyer. These concerns are not out of the ordinary in the case of any estate involving real property, and they do not justify the exceptional relief of a judicial sale over the express and continuing objection over the primary lienholder of the at-issue mortgage. The Court simply cannot order a free and clear sale of the property without the consent of the mortgagee pursuant to 20 Pa.C.S.A. § 335[7](b)[.]

Orphans' Court Order Pursuant to Pa.R.A.P. 1925(a), 8/27/18, at 1-2 (internal quotation marks omitted).

---

[1] Quicken Loans Inc. ("Quicken") is the mortgagee and a participant in this appeal.

The orphans' court denied Appellants' petition, and Appellants filed a timely appeal. Both the orphans' court and Appellants complied with Pa.R.A.P. 1925.

On appeal, Appellants raise the following issue for this Court's consideration: "Is a judicial sale under 20 Pa.C.S.A. § 3353 permissible over the objection of a secured mortgagee?" Appellants' Brief at 4. After careful review, we answer this question in the affirmative.

We review a decision of the orphans' court under the following standard:

> Our standard of review of the findings of an Orphans' Court is deferential.
>
>> When reviewing a decree entered by the Orphans' Court, this Court must determine whether the record is free from legal error and the court's factual findings are supported by the evidence. Because the Orphans' Court sits as the fact-finder, it determines the credibility of the witnesses and, on review, we will not reverse its credibility determinations absent an abuse of that discretion.
>
> However, we are not constrained to give the same deference to any resulting legal conclusions.
>
> **In re Estate of Harrison**, 745 A.2d 676, 678–79 (Pa. Super. 2000), *appeal denied*, 563 Pa. 646, 758 A.2d 1200 (2000) (internal citations and quotation marks omitted). "The Orphans' Court decision will not be reversed unless there has been an abuse of discretion or a fundamental error in applying the correct principles of law." **In re Estate of Luongo**, 823 A.2d 942, 951 (Pa. Super. 2003), *appeal denied*, 577 Pa. 722, 847 A.2d 1287 (2003).

*In re Estate of Whitley*, 50 A.3d 203, 206–207 (Pa. Super. 2012). This Court's standard of review of questions of law is *de novo*, and the scope of review is plenary, as we may review the entire record in making our determination. *Kripp v. Kripp*, 849 A.2d 1159, 1164 n.5 (Pa. 2004). When we review questions of law, our standard of review is limited to determining whether the trial court committed an error of law. *Kmonk-Sullivan v. State Farm Mutual Automobile Ins. Co.*, 746 A.2d 1118, 1120 (Pa. Super. 1999) (*en banc*).

Appellants cite to *In re Estate of Landis*, 85 A.3d 506 (Pa. Super. 2014), in support of their argument that an orphans' court may permit a judicial sale of real property encumbered by a mortgage. Appellants' Brief at 10. Appellants assert that such a sale renders the property free and clear of any liens or encumbrances, which then attach solely to the proceeds of the sale. *Id.* Appellants aver that the orphans' court may authorize a judicial sale without the mortgagee's consent. *Id.*

*Landis* dealt primarily with the priority of a mortgagee's lien, not the authority of the orphans' court to conduct a judicial sale. In *Landis*, the decedent's real property was encumbered by a mortgage. The decedent died testate, and his executrix admitted the decedent's will to probate. The Montgomery County Register of Wills granted Letters Testamentary to the executrix. The mortgage was the only secured lien on the property. One of

- 4 -

the relevant statutes in the analysis described in **Landis**, 42 Pa.C.S. § 8152,

states, in part, as follows:

> Judicial sale as affecting lien of mortgage
>
> **(a) General rule.--**Except as otherwise provided in this section, a judicial or other sale of real estate shall not affect the lien of a mortgage thereon, if the lien of the mortgage is or shall be prior to all other liens upon the same property[.]
>
> * * *
>
> **(b) Property of a decedent, etc.--**A judicial sale of the property shall divest the lien of a mortgage to the extent authorized by the court pursuant to the following provisions of Title 20 (relating to decedents, estates and fiduciaries):
>
>> Section 3353 (relating to order of court).
>> Section 3357 (relating to title of purchaser).

42 Pa.C.S. § 8152.

Pursuant to 20 Pa.C.S. § 3353,[2] the executrix filed a petition for leave

of court to sell the mortgaged real property. **Landis**, 85 A.3d at 508. Similar

---

[2] Section 3353 provides as follows:

Order of court

When the personal representative is not authorized to do so by this title or is denied the power to do so by the governing instrument, if any, or when it is advisable that a sale have the effect of a judicial sale, he may sell any real or personal property of the estate, including property specifically devised, at public or private sale, or may pledge, mortgage, lease, or exchange any such property, or grant an option for the sale, lease, or exchange of any such property, under order of the orphans' court division of the county where letters testamentary or of administration were granted, upon such terms and upon such security and after such notice as the court shall direct, whenever the court shall find such

to the case at bar, the estate of the decedent in **Landis** was facing insolvency. The orphans' court issued a preliminary decree and citation to the mortgagee to show cause why the sale should not be allowed. The mortgagee filed no objections to the petition or the sale. Thereafter, the orphans' court issued an uncontested decree, granting the executrix's petition, authorizing a "judicial sale" pursuant to 20 Pa.C.S. § 3353, and discharging all liens on the real property, which would allow the property to be transferred with a clear title. The real property was then sold. **Landis**, 85 A.3d at 508.

The executrix in **Landis** filed an account of the estate and listed the mortgagee as a class six creditor under 20 Pa.C.S. § 3392.[3] Thereafter, the

---

sale, pledge, mortgage, lease, exchange, or option to be desirable for the proper administration and distribution of the estate.

20 Pa.C.S. § 3353.

[3] Section 3392 designates the classes of estate creditors.

If the applicable assets of the estate are insufficient to pay all proper charges and claims in full, the personal representative, subject to any preference given by law to claims due the United States, shall pay them in the following order, without priority as between claims of the same class:

(1) The costs of administration.

(2) The family exemption.

(3) The costs of the decedent's funeral and burial, and the costs of medicines furnished to him within six months of his death, of medical or nursing services performed for him within that time, of hospital services including maintenance provided him within that time, of services provided under the medical

- 6 -

mortgagee filed a petition for distribution of the judicial sale proceeds. The mortgagee argued that it was entitled to all of the proceeds from the sale because it was the only secured creditor. However, the orphans' court confirmed the executrix's account and ordered distribution of the estate according to the executrix's proposal. The orphans' court held that the "judicial" sale of the real property extinguished the mortgagee's lien, along with its right of first priority to distribution of the net sale proceeds. *Landis*, 85 A.3d at 509. The mortgagee filed an appeal to this Court.

On appeal, this Court held that under 20 Pa.C.S. § 3357(b),[4] the orphans' court may discharge mortgage liens upon the sale property if the

---

assistance program provided within that time and of services performed for him by any of his employees within that time.

(4) The cost of a gravemarker.

(5) Rents for the occupancy of the decedent's residence for six months immediately prior to his death.

(5.1) Claims by the Commonwealth and the political subdivisions of the Commonwealth.

(6) All other claims.

20 Pa.C.S. § 3392.

[4] Section 3357(b) provides as follows:

**(b) Effect of certain circumstances.--**Persons dealing with the personal representative shall have no obligation to see to the proper application of the cash or other assets given in exchange for the property of the estate. Any sale or exchange by a personal

- 7 -

mortgagee consents in writing and files that consent with the court during the administration proceedings. *Landis*, 85 A.3d at 512. "If the mortgagee provides written consent, it is not necessary for the mortgagee to file that consent before the court enters the preliminary order for the judicial sale." *Id.* (citation omitted). However, "[e]ven in the absence of a mortgagee's consent [in] writing to a judicial sale, the Orphans' Court may still authorize the sale and discharge all liens upon the sale property when the judicial sale purchase price is fair and reasonable." *Id.* (citation omitted). Thus, "the mortgagee may waive its right to contest a judicial sale, or a mortgagee can consent to a judicial sale that divests its lien from the real property, because Section 3357 serves to benefit the mortgagee and preserves its secured lien." *Id.* at 512-513 (citation omitted). "Additionally, a mortgagee may consent by accepting payment of the proceeds of the sale." *Id.* (citation omitted).

The *Landis* Court noted that the mortgagee did not consent in writing to the judicial sale or the divestiture of the mortgagee's lien. *Landis*, 85 A.3d

---

representative pursuant to a decree under section 3353 shall have the effect of a judicial sale, but the court may decree a sale or exchange freed and discharged from the lien of any mortgage otherwise preserved from discharge by existing law, if the holder of such mortgage shall consent by writing filed in the proceeding. No such sale, mortgage, exchange, or conveyance shall be prejudiced by the terms of any will or codicil thereafter probated or by the subsequent revocation of the letters of the personal representative who made the sale, mortgage, exchange, or conveyance if the person dealing with the personal representative did so in good faith.

20 Pa.C.S. § 3357(b).

- 8 -

at 513. Therefore, the judicial sale removed the mortgagee's lien but, by virtue of the sale, the secured lien transferred to the sale proceeds. *Id.* Thus, the mortgagee effectively waived objection to the judicial sale but not to extinction of its lien on the proceeds of the sale. *Id.*

Thus, this Court concluded that the orphans' court erred when it found that the mortgagee's lien was extinguished by the judicial sale and approved the executrix's proposed distribution schedule that listed the mortgagee as an unsecured class six creditor. *Landis*, 85 A.3d at 513. The lien remained a secured claim against the estate and attached to the sale proceeds, and the mortgagee's lien was superior to unsecured claims against the estate following the judicial sale. *Id.* Accordingly, this Court vacated the order approving the distribution of the estate and remanded for further proceedings.

Appellants reiterate that the *Landis* decision states: "Even in the absence of a mortgagee's consent [in] writing to a judicial sale, the Orphans' Court may still authorize the sale and discharge all liens upon the sale property when the judicial sale purchase price is fair and reasonable." Appellants' Brief at 10 (quoting *Landis*, 85 A.3d at 512). Appellants extrapolate from this premise that *Landis* permits a judicial sale even where the mortgagee objects. Appellants' Brief at 10. We agree.

As revealed by *Landis*, 42 Pa.C.S. § 8152, 20 Pa.C.S. § 3353, and 20 Pa.C.S. § 3357 afford the orphans' court broad power to authorize the disposition of a decedent's real estate. The orphans' court has jurisdiction,

pursuant to Section 3353, to authorize a judicial sale, but such sale does not discharge the mortgage lien where consent in writing was not provided pursuant to Section 3357. Pursuant to *Landis* and Section 3353, the orphans' court has the authority to order the judicial sale, allow the real property to be sold at a fair and reasonable price, and cause mortgagee's lien to attach to the proceeds of the judicial sale.

In the instant case, although the orphans' court is correct insofar as it concluded that Appellants' concerns with the administration of the estate "are not out of the ordinary in the case of any estate involving real property," Orphans' Court Order Pursuant to Pa.R.A.P. 1925(a), 8/27/18, at 2, we disagree with its conclusion that it was required to sustain Quickens' objection. The orphans' court found that ordering a judicial sale over the express objection of the primary lienholder would amount to a "free and clear sale of the property[.]" *Id.* This finding is inaccurate. Following the judicial sale, the lien would attach to the sale proceeds. *Landis*, 85 A.3d at 513. If the sale price is not fair and reasonable, the orphans' court can refuse to authorize the judicial sale.

In the case at bar, Appellants averred that the property at issue was in need of maintenance, and they undertook this responsibility. Petition for Judicial Sale of Real Estate, 8/16/18.[5] On the advice of counsel, Appellants

_____

[5] In the certified record, there is a notation that the originally filed Petition for Judicial Sale of Real Estate, dated June 25, 2018, was lost, and Appellants filed a copy on August 16, 2018. Certified Record at docket entry #16.

- 10 -

obtained an appraisal of the property. *Id.* However, when Appellants attempted to sell, Quicken objected. Quicken Loans' Response in Opposition to Petition for Judicial Sale, 7/10/18.

As discussed above, Section 3353 permits the personal representative to sell an encumbered property pursuant to a court order at a judicial sale when the court determines that such a sale is desirable for the proper administration and distribution of the estate. 20 Pa.C.S. § 3353. This broad power afforded to the orphan's court under Section 3353 permits a judicial sale even where the mortgagee objects; however, it does not, by itself extinguish the lien, as the lien would attach to the proceeds. *Landis*, 85 A.3d at 513. Sustaining a mortgagee's objection to a judicial sale when the price is fair and reasonable would estop a personal representative from the proper administration of an estate; it would have a chilling effect upon anyone who is administering an estate from attempting, in good faith, to liquidate encumbered real property that is in less than pristine and immediately saleable condition.

Additionally, prohibiting a good-faith judicial sale of encumbered real property for a fair and reasonable price based solely on the objection of the mortgagee would prevent individuals from endeavoring to accept the position of personal representative. Under such a construct, accepting an administrative position would require the personal representative to pay for the maintenance, repair, and upkeep of an encumbered property until the

**mortgagee,** as opposed to the orphans' court, deemed the sale price acceptable. A mortgagee could thus prevent the administration of an estate in perpetuity. We conclude that the broad powers afforded the orphans' court in 42 Pa.C.S. § 8152, 20 Pa.C.S. § 3353, and 20 Pa.C.S. § 3357 prevent a capricious refusal and permits a judicial sale despite the objection of the mortgagee. Under the facts presented here, we conclude that the orphans' court erred in denying Appellants' petition for a judicial sale based on the mortgagee's objection.

Accordingly, we reverse the order of the orphans' court and remand for the orphans' court's consideration of a judicial sale of the encumbered property and administration of the estate. Following any judicial sale of the property, Quicken's lien shall remain a secured claim that is superior to unsecured claims against the estate. Also, following any judicial sale, Appellants shall file with the orphans' court a proposed schedule of distribution of the estate.[6]

Order reversed. Case remanded with instructions. Jurisdiction relinquished.

---

[6] We reiterate the suggestion this Court provided to the parties in *Landis*: "At the proceedings, the competing parties might come to some compromise, in recognition of the efforts of [Appellants] and [Appellants' counsel] to maximize the value of the Estate." *Landis*, 85 A.3d at 515 n.1.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: April 23, 2019