J-A04036-20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN RE: GARY W. THOMSON | : IN THE SUPERIOR COURT OF |
| | :         PENNSYLVANIA |
| | : |
| APPEAL OF: JAMES W. THOMSON-CALIENDO | : |
| | :    No. 1075 EDA 2019 |

Appeal from the Order Entered March 19, 2019
in the Court of Common Pleas of Pike County
Civil Division at No(s): 31-2018 OC

BEFORE:    PANELLA, P.J., STRASSBURGER, J.* and COLINS, J.*

CONCURRING AND DISSENTING MEMORANDUM BY STRASSBURGER, J.:

**FILED JUNE 23, 2020**

I join the Majority's analysis as to Parts II, III, and IV. I respectfully dissent, however, as to Part I.

In Part I, the Majority considers James's claim that the orphans' court erred when it entered an order disregarding the trust requirements that Gary satisfy James, as trustee, of Gary's sobriety, employment, and ability to make reasonable financial decisions. James's Brief at 5.

This Court's standard of review from orphans' court orders is deferential.

> When reviewing a decree entered by the orphans' court, this Court must determine whether the record is free from legal error and the court's factual findings are supported by the evidence. Because the orphans' court sits as the fact-finder, it determines the credibility of the witnesses and, on review, we will not reverse its credibility determinations absent an abuse of that discretion.

*Retired Senior Judge assigned to the Superior Court.

> However, we are not constrained to give the same deference to any resulting legal conclusions.
>
> The orphans' court decision will not be reversed unless there has been an abuse of discretion or a fundamental error in applying the correct principles of law.

*In re Estate of Leipold*, 208 A.3d 507, 510 (Pa. Super. 2019) (citations and quotation marks omitted; capitalization altered).

Here, the orphans' court found that "James had seriously breached his duties as trustee, had not acted in good faith, and that the purpose of the trust was not being fulfilled." Majority at 5 (citing Orphans' Court Opinion, 3/19/2019, at 6). However, because there was no other person willing to act as trustee, the orphans' court denied Gary's request to replace James as trustee. Instead, given James's demonstrated inability to assess Gary's compliance with the trust requirements in good faith, the orphans' court attempted to aid James in his future assessment of Gary's compliance with those conditions. Specifically, as summarized by the Majority,

> the orphans' court found that testing was the only reasonable manner by which Gary could substantiate that he was not using drugs or alcohol, but James had not distributed any funds to allow Gary to pay for the tests or to arrange transportation to get to a testing site. The court further found that the obligation that Gary be capable of employment could no longer be seen as a trust requirement because Gary had been determined to be disabled by the Social Security Administration. With regard to the requirement that Gary be "capable of making responsible financial decisions," the court concluded that this requirement is so vague as to be unenforceable and that, apart from the fact that Gary had accrued over $17,000 in debt to the IRS, James had not submitted any other evidence to substantiate that Gary could not manage his finances.

Majority at 6 (citations omitted).

I do not find this to be an abuse of discretion. Here, there was nobody else to step into the role of trustee, and the orphans' court did not see fit to dissolve the trust. As a result, the orphans' court was in the unenviable position of attempting to bridge the divide between James, who was predisposed to find Gary in non-compliance regardless of what Gary did, and Gary, who was predisposed to assume that James would not consider his requests in good faith, in the administration of this trust. I do not find the orphans' court attempt to create concrete steps that Gary and James must follow in order to ensure Gary's compliance and James's carrying out of his fiduciary duties to be an abuse of discretion.

Accordingly, I would affirm James's first issue.