J-A25009-19

2020 PA Super 196

| JASON AND SARA ADAMS | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellants | |
| v. | |
| ERIE INSURANCE COMPANY, ERIE INSURANCE EXCHANGE, AND ALEX R. SZELES, INC. (SETTLED PARTY) | |
| Appellees | No. 954 MDA 2018 |

Appeal from the Order Entered May 15, 2018
In the Court of Common Pleas of Dauphin County
Civil Division at No: 2011-CV-06782-CV

BEFORE:  STABILE, J., MCLAUGHLIN, J. and MUSMANNO, J.

OPINION BY STABILE, J.:                          **FILED AUGUST 14, 2020**

Appellants, Jason and Sara Adams, appeal from a judgment entered in favor of Erie Insurance Exchange in two consolidated actions ("Action I" and "Action II") for breach of contract and for bad faith under 42 Pa.C.S.A. § 8371. We quash this appeal due to the lack of a final, appealable judgment in either action.

On June 11, 2010, Appellants' home incurred water loss damage due to a burst pipe while Appellants were away on vacation.  At the time of the loss, Appellants' home was insured under a Home Protector Ultracover Insurance Policy issued by Erie Insurance Exchange, Policy Number Q57 1409485 A ("the Policy").  In July 2011, unhappy with the processing of their claim, Appellants filed a lawsuit for breach of contract and bad faith against Erie Insurance Company and contractor Alex R. Szeles, Inc. (Action I).  Appellants ultimately

settled with Szeles, leaving Erie Insurance Company as the sole defendant in Action I.

Defense counsel informed Appellants' attorney that Erie Insurance Exchange issued Appellants' insurance policy, not Erie Insurance Company. N.T., 1/5/17, at 483 (testimony of Appellant Jason Adams). Thereafter, Appellants filed a lawsuit against Erie Insurance Exchange in the same court at a separate docket number for the same claims raised in Action I, breach of contract and bad faith (Action II).

On October 22, 2015, the trial court ordered Actions I and II consolidated for discovery and trial. The consolidated actions proceeded to a non-jury trial over several days in late 2016 and early 2017. At the conclusion of trial, defense counsel argued that Erie Insurance Company "has nothing do with this policy or this claim, [because] the policy was issued by the Erie Insurance Exchange." N.T., 1/25/17, at 995.

On January 4, 2018, the trial court issued a memorandum rejecting Appellants' claims for breach of contract and bad faith. The memorandum defined Erie Insurance Exchange as "Erie," Memorandum, 1/4/18, Background Fact 3, and referred to "Erie" throughout the text. The court did not mention Erie Insurance Company in the body of the memorandum.[1] Along with the memorandum, the court issued an order stating that "based on the

_____

[1] The memorandum referred to "Erie Insurance" twice but never "Erie Insurance Company."

memorandum, the [decision] is in favor of defendant Erie on all counts." Order, 1/4/18. On both the memorandum and order, the captions for both Actions I and II were typed, but the caption for Action II was crossed out by hand, presumably by the court.

On January 16, 2018, Appellants filed a post-trial motion listing the captions of both Actions I and II and seeking judgment *non obstante veredicto* (JNOV) in both actions. Appellants asserted that the trial court's January 4, 2018 decision "[found] against [Appellants] as to all causes of action against Erie Insurance Company and Erie Insurance Exchange." Post-Trial Motions, ¶ 3.

On May 15, 2018, the trial court entered an order in Action I, but not Action II, denying Appellants' post-trial motions "upon consideration of Plaintiff's Motion for Post-Trial Relief and Defendant's response thereto . . . ." Order, 5/5/18. The order did not itself enter judgment or direct the prothonotary to do so.

On June 8, 2018, Appellants filed a notice of appeal from the May 15, 2018 order. Instead of filing two notices of appeal, one in Action I and one in Action II, Appellants filed a single notice of appeal naming Erie Insurance Company, Erie Insurance Exchange and Szeles as defendants and listing the docket numbers for both Actions I and II.

On July 27, 2018, this Court notified the parties that final judgment was not entered on the trial court docket and ordered Appellants to file a praecipe for entry of judgment in the trial court. On July 31, 2018, Appellants filed a

praecipe in the trial court listing Action I's caption but entering judgment in favor of Erie Insurance Exchange, the defendant in Action II. Appellants did not enter judgment in favor of Erie Insurance Company.

Appellants raise two issues in their appellate brief:

1. Did the Trial Court Commit an Error of Law and Abuse of Discretion in Finding in Favor of Defendant?

2. Did the Trial Court Commit an Error of Law In Permitting John Smith to Testify as [t]o Hearsay Evidence in [t]he Erie Insurance Log?

Appellants' Brief at 5.

Before considering these issues, we must determine whether we have jurisdiction over this appeal. "The appealability of an order directly implicates the jurisdiction of the court asked to review the order." ***Commonwealth v. Sabula***, 46 A.3d 1287, 1290 (Pa. Super. 2012). "[S]ince we lack jurisdiction over an unappealable order it is incumbent on us to determine, *sua sponte* when necessary, whether the appeal is taken from an appealable order." ***A.J.B. v. A.G.B.***, 180 A.3d 1263, 1270 (Pa. Super. 2018).

Although the trial court consolidated Actions I and II for discovery and trial, we must separately analyze each action's appealability. When two actions are consolidated for purposes of discovery and trial, "complete consolidation (or merger or fusion of actions) [still] does not occur absent a complete identity of parties and claims; separate actions lacking such overlap retain their separate identities and require distinct judgments; [and] these

- 4 -

principles pertain equally to appealability determinations." ***Malanchuk v. Tsimura***, 137 A.3d 1283, 1288 (Pa. 2016).[2] Pursuant to ***Malanchuk***, Actions I and II require "distinct judgment[s]," ***id.***, because the defendant in Action I, Erie Insurance Company, is different from the defendant in Action II, Erie Insurance Exchange. Thus, the appealability of Action I does not determine the appealability of Action II.

There is no final, appealable judgment in Action I as to Erie Insurance Company, because (1) Appellants never entered judgment against Erie Insurance Company, and (2) even more fundamentally, the court never entered a decision as to Erie Insurance Company. In the captions of the January 4, 2018 memorandum and order, Action II was crossed out while Action I remained intact. Viewed in isolation, the captions indicate that the court decided Appellants' claims in Action I against Erie Insurance Company.

---

[2] In ***Malanchuk***, the plaintiff, a carpenter, fell from scaffolding and suffered injury at a residence where he was working. He commenced a civil action against the owner of the premises ("Case I"), and he later commenced a separate action against another worker ("Case II"). The trial court consolidated the two actions for purposes of discovery, arbitration and, if necessary, trial. After discovery, both the owner of the premises and the worker filed motions for summary judgment. In Case II, the court granted the worker's motion in its entirety. In Case I, the court only granted partial summary judgment to the owner, so Case I continued to move towards trial. The plaintiff filed an appeal in Case II to this Court, and we quashed the appeal. Our Supreme Court reversed and remanded for further proceedings. The Supreme Court reasoned that complete consolidation of Cases I and II did not occur because the parties in these cases were not identical. ***Id.***, 137 A.3d at 1288-89. Therefore, the grant of summary judgment to the worker in Case II was final and appealable. ***Id.*** at 1289.

In reality, the opposite is true. The body of the memorandum only resolved Appellants' claims against "defendant Erie," which the memorandum defined as Erie Insurance Exchange. Similarly, the order only found in favor of "defendant Erie," or Erie Insurance Exchange. Absent a decision as to Erie Insurance Company, the right to enter judgment as to Erie Insurance Company never ripened. *Slusser v. Laputka, Bayless, Ecker & Cohn, P.C.*, 9 A.3d 1200, 1205-06 (Pa. Super. 2010) (praecipe to enter judgment was premature, and judgment was not final for purposes of appeal, where certain claims of plaintiff were still awaiting bench trial, thus the entirety of claims had not been disposed of by nonsuit or judge's decision).

In Action II, there is no final, appealable judgment as to Erie Insurance Exchange. Although the trial court entered a decision in favor of Erie Insurance Exchange and against Appellants, this decision was not finally reduced to judgment.

Pennsylvania Rule of Civil Procedure 227.4 provides that, with one exception not relevant here,

the prothonotary shall, upon praecipe of a party:

(1) enter judgment upon a nonsuit by the court, the verdict of a jury or the decision of a judge following a trial without jury, if

(a) no timely post-trial motion is filed; or

(b) one or more timely post-trial motions are filed and the court does not enter an order disposing of all motions within one hundred twenty days after the filing of the first motion. A judgment entered pursuant to this subparagraph shall be final as to all

- 6 -

> parties and all issues and shall not be subject to reconsideration; or

> (2) enter judgment when a court grants or denies relief but does not itself enter judgment or order the prothonotary to do so.

*Id.*

In Action II, entry of judgment was not permissible under Rule 227.4(2). Appellants filed post-trial motions at the consolidated caption for Actions I and II. The trial court only purported to deny Appellants post-trial relief against Erie Insurance Company in Action I.[3] The court's order did not include Action II's caption or "grant[] or den[y]" Appellants' post-trial motions as to Erie Insurance Exchange. *Id.*

Nor did any party enter a valid judgment in Action II under Rule 227.4(1)(b), which entitles a party to file a judgment praecipe when the court fails to dispose of all timely post-trial motions within 120 days after the filing of the first motion. On January 16, 2018, Appellants filed timely post-trial motions in Action II,[4] but the court never decided the motion in that action.

_____

[3] We use the phrase "purported to deny" because the trial court lacked authority to decide post-trial motions as to Erie Insurance Company due to its failure to enter a decision as to Erie Insurance Company. In a non-jury case, a party's right to file post-trial motions (and the court's authority to rule on such motions) only accrues "after . . . the filing of the decision." Pa.R.C.P. No. 227.1(c)(2).

[4] The Rules of Civil Procedure require post-trial motions to be filed within ten days after "the filing of the decision in the case of a trial without jury." Pa.R.C.P. No. 227.1(c)(2). On January 4, 2018, the court entered its decision in Action II in favor of Erie Insurance Exchange. Twelve days later, on January

Thus, any party had the right to praecipe for entry of judgment in Action II on or after May 17, 2018. No party took this step. Erie Insurance Exchange did not file a praecipe despite having the right to do so. Appellants erroneously filed a judgment praecipe against Erie Insurance Exchange in Action I, where Erie Insurance Exchange is not a party.

Because no final appealable judgment was entered in Action I or II, we must quash Appellants' appeal for lack of jurisdiction.[5]

Appeal quashed.

_____

16, 2018, Appellants filed post-trial motions in Actions I and II. These motions were timely in Action II, because the tenth and eleventh days after the decision, January 14 and 15, 2018, fell on a Sunday and a holiday (Martin Luther King Jr. Day), respectively. Pa.R.C.P. No. 106(b) ("whenever the last day of any [time period in any rule of civil procedure] shall fall on a Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation"). In Action I, the same post-trial motions were premature, not timely, due to the court's failure to enter a decision in that action.

[5] Since we quash this appeal for lack of a final appealable judgment, we do not reach the question whether quashal may have been necessary under **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), due to Appellants' failure to file separate notices of appeal at each docket number.

Nor does it appear that our recent decisions in **Commonwealth v. Jerome Johnson**, — A.3d —, 2020 WL 3869723 (Pa. Super., July 9, 2020) (*en banc*), and **Commonwealth v. Rebecca Johnson**, — A.3d —, — WL —, 2020 Pa. Super. 173 (Pa. Super., July 23, 2020), would obviate any **Walker** concern. In both decisions, we held that quashal was not necessary, because the defendant complied with **Walker** by filing a separate notice of appeal at each docket number. The fact that each notice contained multiple docket numbers was "of no consequence." **Jerome Johnson**, 2020 WL 3869723, at *4. Here, unlike in the **Johnson** cases, Appellant merely filed a single notice of appeal identifying two consolidated cases with different defendants in each action.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 08/14/2020