J-A28026-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: ESTATE OF ANNA MARIE LEIPOLD, DECEASED | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: SCOTT M. HINES AND KELLY A. SCHUELTZ | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 230 WDA 2020 |

Appeal from the Order Entered January 22, 2020
In the Court of Common Pleas of Westmoreland County Orphans' Court
at No(s):  6518-0670

BEFORE:  OLSON, J., MURRAY, J., and McCAFFERY, J.

MEMORANDUM BY MURRAY, J.:                    **FILED FEBRUARY 10, 2021**

Scott M. Hines and Kelly A. Schueltz (Appellants) appeal from the Orphans' Court order denying their petition for special relief.  We affirm.

The case has a convoluted history.  In a prior decision, we quoted the Orphans' Court summary of the procedural history as follows:

> This matter is before th[e Orphans' C]ourt regarding an appeal of an order issued by [it] on July 19, 2018, which denied the Petition for Judicial Sale of Real Estate in this matter filed by Appellants Scott M. Hines and Kelly A. Schueltz, Administrators of the Estate of Anna Marie Leipold.
>
> The estate of Anna Marie Leipold contains real property [the Property] located at 444 North Market Street, Ligonier, Pennsylvania, 15658 which is presently subject to a mortgage with Quicken Loans

[Inc.][1] consisting of an outstanding balance of approximately $77,129.41 at the time of death of the decedent.[2] Subsequent to their appointment as administrators, [Appellants] received an offer of $82,000.00 for the sale of the property, and requested court approval for the judicial sale of the property, as the selling price would not be sufficient to satisfy the mortgage lien and outstanding claims against the property.

[Appellants] requested the sale pursuant to 20 Pa.C.S.A. § 3353, which allows the [c]ourt to authorize sales of encumbered or otherwise unavailable real or personal property for the proper administration and distribution of the estate.

\* \* \*

[Quicken objected to the petition for judicial sale] at the time of presentation of [Appellants' petition].

\* \* \*

[Appellants argued] that the sale would be in the interest of the proper administration and distribution of the estate[. . . . ] The [c]ourt simply cannot order a free and clear sale of the property without the consent of the mortgagee pursuant to 20 Pa.C.S.A. § 335[7](b)[.]

Orphans' Court Order Pursuant to Pa.R.A.P. 1925(a), 8/27/18, at 1-2 (internal quotation marks omitted).

*In Re:  Estate of Leipold*, 208 A.3d 507, 509-10 (Pa. Super. 2019) (footnote omitted).

---

[1] Quicken Loans Inc. (Quicken) is the mortgagee.

[2] Appellants did not make any mortgage payments after the decedent died.

- 2 -

During the pendency of their prior appeal, Appellants did not seek a stay or injunction. *See* Pa.R.A.P. 1732(a); Orphans' Court Opinion, 4/01/20, at 3. On October 18, 2018 -- two months after Appellants filed the prior appeal -- Quicken filed an action in mortgage foreclosure at a separate docket. Despite receiving notice, Appellants did not answer the complaint, file preliminary objections, seek a stay of the proceedings because of the pendency of their appeal, or otherwise respond to the foreclosure proceedings. Quicken obtained a default judgment in the amount of $88,432.32 on December 28, 2018. Appellants did not seek to open the judgment, strike it, or file an appeal.

Approximately four months later, on April 23, 2019, this Court reversed the order denying the petition for judicial sale and remanded the case. *Leipold*, 208 A.3d at 513-14. However, as a result of Quicken's foreclosure action, a Sheriff's sale of the Property took place on May 6, 2019. Appellants did not seek to stay or otherwise object to that action despite the entry of this Court's decision. Quicken purchased the Property and a Sheriff's Deed was entered on June 17, 2019. A status conference occurred two days later, on June 19, 2019, but the parties were unable to reach a settlement.

Quicken conveyed the Property to the United States Secretary of Housing and Urban Development by deed on August 13, 2019. Appellants did not take any action to prevent the conveyance. Instead, Appellants presented a petition for special relief with the Orphans' Court. Although the petition was

not docketed, the parties do not dispute its existence, and according to the Orphans' Court, Appellants sought: (1) abatement of the mortgage foreclosure proceeding, (2) $17,335.36 from Quicken to reimburse the Estate, and (3) after distribution, that Appellants be permitted to convey the property to Quicken by quitclaim deed. Orphans' Ct. Op, at 2. The court denied both the petition and Appellants' subsequent motion for reconsideration. This timely appeal followed.[3]

Appellants raise a single issue for our review:

1. Can a mortgagee prosecute mortgage foreclosure proceedings against a decedent's estate while judicial sale proceedings are pending involving the same parties, the same subject matter, and the same relief being sought?

Appellants' Brief at 4.

We begin with our standard of review:

When an appellant challenges a decree entered by the Orphans' Court, our standard of review requires that we be deferential to the findings of the Orphans' Court.

[We] must determine whether the record is free from legal error and the court's factual findings are supported by the evidence. Because the Orphans' Court sits as the fact-finder, it determines the credibility of the witnesses and, on review, we will not reverse its credibility determinations absent an abuse of that discretion. However, we are not constrained to give the same deference to any resulting legal conclusions. Where the rules of law on which the court relied are palpably wrong or clearly inapplicable, we will reverse the court's decree.

_____

[3] The Orphans' Court did not order the filing of a concise statement of errors complained of on appeal, although it filed an opinion on April 1, 2020.

- 4 -

***In re Staico***, 143 A.3d 983, 987 (Pa. Super. 2016) (citations and quotation marks omitted).

We next examine whether and to what extent we may address Appellants' issue, and emphasize that their argument is scattershot, undeveloped and unsupported by legal authority. Appellants' argument is essentially conclusory rhetoric excoriating Quicken and the Orphans' Court. For example, Appellants assert, "Quicken [ ] has not acted reasonably in its failure to accept the dictates of the law. . . [and] the [Orphans' C]ourt has persisted in its unjustifiable defense of Quicken [.]" Appellants' Brief at 15. Appellants provide no support for their claim that Quicken acted contrary to the law, and do not address Appellants' repeated failure to act. Appellants' Brief at 5-16.

We have explained:

The Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority. Appellate arguments which fail to adhere to these rules may be considered waived, and arguments which are not appropriately developed are waived. Arguments not appropriately developed include those where the party has failed to cite any authority in support of a contention. This Court will not act as counsel and will not develop arguments on behalf of an appellant. Moreover, we observe that the Commonwealth Court, our sister appellate court, has aptly noted that [m]ere issue spotting without analysis or legal citation to support an assertion precludes our appellate review of [a] matter.

***Coulter v. Ramsden***, 94 A.3d 1080, 1088-89 (Pa. Super. 2014) (citations and quotation marks omitted).

Appellants' argument contains no legal analysis and cites no legal authority to support their assertions, particularly their claim that the doctrine of *lis alibi pendens* applies. Appellants do not address the Orphans' Court's reasoning that "the parties are the same, however the causes of action, rights and damages are drastically different, with the first case involving the administration of an estate and the second being a mortgage foreclosure action." Orphans' Ct. Op., at 3; **see also Richner v. McCance**, 13 A.3d 950, 957-58 (Pa. Super. 2011) (footnote and citations omitted) ("To assert successfully the defense of *lis pendens*, *i.e.*, the pendency of a prior action, it must be shown that 'the prior case is the same, the parties are the same, and the relief requested is the same.'").

Also, Appellants do not attempt to refute the Orphans' Court's conclusion that they needed to raise their claim in the foreclosure action. Orphans' Ct. Op., at 3; **see** Pa.R.Civ.P. 1028(a)(6) (preliminary objections to a complaint can be filed because of the pendency of a prior action). As the Orphans' Court simply but adroitly stated, "[t]he result of the [Property] sale may have been avoided through Appellants' participation in the foreclosure action[.]" Orphans' Ct. Op., at 4. Finally, Appellants ignore the court's determination that the sale of the Property renders their action moot. Orphans' Ct. Op., at 4.

In sum, Appellants have failed to present a meaningful legal argument on appeal, and after careful consideration, we affirm the denial of relief.[4]

Order affirmed.

Judgment Entered.

*[signature]*

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/10/2021

---

[4] The record supports the Orphans' Court's determination that Appellants did not act to protect their interest in the Property by failing to: (1) file a stay or an injunction in the prior appeal; (2) file preliminary objections, an answer, or a stay in the mortgage foreclosure action; (3) move to open, to strike, or appeal the mortgage foreclosure action; or (4) object to the Sheriff's sale, *et cetera*. Orphans' Ct. Op., at 3-4. A party cannot sit silent and then later argue reversible error occurred. ***See Maya v. Johnson and Johnson***, 97 A.3d 1203, 1219 (Pa. Super. 2014); ***see also Estate of Krasinski***, 218 A.3d 1245, 1258 (Pa. 2019) (affirming Superior Court's finding of waiver, where beneficiary failed to take appeal of right pursuant to Pa.R.A.P. 342(a)(6), and instead waited until after real property was sold to take any action to object to sale).