J-A25004-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: ESTATE AND TRUST OF MARTHA ANNE TURNER LIVERANT | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: JAMES M. TURNER, SR. | : : : : : : : | |
| | : | No. 149 MDA 2020 |

Appeal from the Order Entered December 23, 2019
In the Court of Common Pleas of York County
Orphans' Court at No(s):  6701-0694

| | | |
|---|---|---|
| IN RE: ESTATE AND TRUST OF MARTHA ANNE TURNER LIVERANT, DECEASED | : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: JOHN GAILEY, KATE KAMINSKI, AND JEAN SCOTT-FRIEND | : : : | |
| | : | No. 203 MDA 2020 |

Appeal from the Order Entered December 23, 2019
In the Court of Common Pleas of York County
Orphans' Court at No(s):  6701-0694

BEFORE:  BOWES, J., OLSON, J., and KING, J.

MEMORANDUM BY BOWES, J.:                    **FILED FEBRUARY 18, 2021**

In these consolidated cross-appeals, John Gailey, Kate Kaminski, and Jean Scott-Friend (collectively "the Gailey beneficiaries"), and James M. Turner, Sr. ("Turner"), challenge different aspects of the December 23, 2019 order of the orphans' court which, *inter alia*, imposed surcharges on Turner and denied the Gailey beneficiaries' request for counsel fees related to

defending Turner's attempt to disqualify their counsel. Upon review, we affirm the imposition of surcharges on Turner and quash the Gailey beneficiaries' cross-appeal as interlocutory.

This case has a long, tortuous history, and a shifting cast of litigants. It all began when Martha Anne Turner Liverant ("Decedent") died in 2001, survived by her only child, Anne Peyton Liverant ("Daughter"), who was the beneficiary of a trust established by her will.[1] The will further provided that upon the death of Daughter, the trust assets were to be divided into three equal shares and distributed *per stirpes* to Decedent's sisters Alice Ray and Scott Turner Gailey and her brother Turner. The will also named Turner as the executor of the estate and trustee of the trust, and further designated his daughter, Martha Peyton Turner ("Peyton"), as his successor. A few months after Decedent's death, Daughter was adjudicated incompetent and guardians of her estate and person were appointed. Daughter, through her guardian, challenged *inter alia* Turner's gifting of $100,000 to family members prior to Decedent's death through his power of attorney. Turner conceded that he had exceeded his authority in making the gifts, and the court ordered him to repay the estate for them.

_____

[1] The chief assets of the trust were a brokerage account and Mt. Corbett, a residential estate in Jamaica, later valued at approximately $1.5 million.

Thereafter, accountings were filed and objected to, eventually resulting in the orphan's court ordering Turner's removal as executor and trustee, as well as imposing surcharges against him.[2] Of import to this appeal, the orphans' court at separate times in 2005 directed (1) that no other trust assets should be spent on Mt. Corbett, a residential estate in Jamaica which was the chief asset of the estate, unless necessary to maintain its current state of repair, and that steps to eventually sell Mt. Corbett should instead begin, *see* N.T., 1/24/2005, at 11-12; and (2) that Turner was not to receive any further disbursements from the estate. *See* N.T. 12/6/2005, at 35. Ultimately, the orphans' court confirmed the fourth and final account filed by Turner's successor, Peyton. Turner appealed to this Court, challenging his removal and the imposition of surcharges and fees. We rejected all of his claims of error, except as to the award of attorney fees to Daughter's guardian, which we held required remand for development of a record as to the amount and necessity of the fees. *See In re Estate of Liverant*, 987 A.2d 830 (Pa.Super. 2009) (unpublished memorandum at 23-24).

Decedent's Daughter died in 2011, triggering division of the trust's principal and interest to Decedent's siblings, namely appellant Turner, Alice

---

[2] Pursuant to Decedent's will, Turner was succeeded by his daughter Peyton as executrix and trustee. However, lacking any pertinent experience, she largely deferred her responsibilities to Turner and other agents, which is why Turner is still actively being pursued in this litigation for his mismanagement of the assets.

Ray, and Ms. Scott Turner Gailey. However, Ms. Gailey had predeceased Daughter, resulting in Ms. Gailey's share devolving to her children, cross-appellant Gailey beneficiaries, who took up the mantle of challenging the management of the trust assets by Peyton and Turner. The orphans' court summarized the subsequent history as follows:

[Turner's counsel, Sara A. Austin, Esquire,] filed . . . a motion to remove counsel for Gailey beneficiaries which was filed on December 19, 2011. Gailey beneficiaries answered the petition on February 14, 2012. By opinion and order dated May 16, 2012, this court, per the Honorable Penny L. Blackwell, Judge, dismissed the petition to remove Attorney Glenn Vaughn as counsel for the Gailey beneficiaries. That order plays a part in the cross-appeal filed to our order by the Gailey beneficiaries.

. . . On May 14, 2013, Gailey beneficiaries petitioned the court to have [Turner] surcharged, citing his mismanagement of the Mt. Corbett estate and his receipt of funds in violation of an order from this court by the Honorable Gregory M. Snyder dated January 24, 2005. The petition also sought recovery of capital expenditures made by . . . Turner on Mt. Corbett in violation of that same order. Finally[,] it sought to hold Turner in contempt for violating Judge Snyder's 2005 order.

On October 22, 2013, Judge Blackwell entered an order and a 79[-]page opinion sustaining most of the objections to the various accounts. The order surcharged [Peyton] for various items. Significantly, Judge Blackwell surcharged Peyton . . . the amount of $83,666.47 for amounts she wrongfully paid to [Turner], which is also significant for the instant appeal. The order also removed [Peyton] as trustee of the estate.

. . . .

On September 9, 2014, a petition was filed by Gailey beneficiaries seeking a hearing on a motion for sanctions against, among others, [Turner and Attorney Austin]. The request for sanctions was filed on January 24, 2012, and alleged, *inter alia*, that [Attorney] Austin and Turner sought to wrongfully remove Attorney Vaughn from representing Gailey beneficiaries. Judge

- 4 -

Blackwell had ruled on May 16, 2012, that Vaughn should not be removed from representing the Gailey beneficiaries. It is this motion for sanctions which is implicated in the cross[-]appeal filed by Gailey beneficiaries.

. . . .

On April 2, 2015, Gailey beneficiaries filed a motion for summary judgment on Counts I, II, and III of their May 14, 2013 petition to have Turner surcharged. That summary judgment motion is also implicated in this appeal.

. . . .

Various petitions and answers were subsequently filed and we attempted to identify and resolve all outstanding issues which, we believe, we did in a series of conferences and hearings resulting in orders entered on October 18, 2018, February 11, 2019, February 12, 2019 (to list the Mt. Corbett property), and April 22,2019 (granting summary judgment against Turner on Counts I, II, and III of Gailey beneficiaries' motions for summary judgment and reserving the issue of damages on Count III, as well as addressing several collateral issues.) We also scheduled an additional hearing for May, 2019, which resulted in our order and opinion of December 23, 2019, the subject of this appeal.

Orphans' Court Opinion, 3/6/20, at 2-6 (citations, footnote, and unnecessary capitalization omitted). The December 23, 2019 order, *inter alia*, assessed damages against Turner at $213,251.12 as to Count I of the Gailey beneficiaries' surcharge petition, and $90,454.61 on Count II (capital expenditures).[3] **See** Order, 12/23/19, at 3.

---

[3] While the orphans' court also granted the Gailey beneficiaries summary judgment on Count III of their petition, related to Turner's liability for the delinquency of federal taxes, it declined to assess damages on that claim. **See** **id**. at 14 ("[U]ntil the amount of the delinquency and any penalties and interest becomes finally ascertained, we are unable to assess, without speculation, the amount to be surcharged[.]").

- 5 -

On January 22, 2020, Turner filed a timely notice of appeal. The Gailey beneficiaries filed a cross-appeal on February 3, 2020. The orphans' court directed Turner to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal, and he timely complied. The orphans' court did not require the Gailey beneficiaries to file a statement, but did file a Pa.R.A.P. 1925(a) opinion addressing both Turner's complaints and the reasons for its denial of the Gailey beneficiaries' request for counsel fees.

Turner presents this Court with a single question: "Whether Part VI of the [orphans'] court's order of December 23, 2019, which imposed surcharges against Mr. Turner for operational and capital expenses, was proper (both in imposition and amounts)?" Turner's brief at 3. The Gailey beneficiaries likewise state one issue for our review: "Whether the trial court abused its discretion and committed errors of law in determining that the conduct of Turner and his counsel was not obdurate, dilatory and vexatious, and denying the request for sanctions in the nature of counsel fees and costs?" Gailey beneficiaries' brief at 25-26.

We begin by examining whether we have jurisdiction over these appeals.[4] *See*, *e.g.*, *Adams v. Erie Ins. Co.*, 238 A.3d 428, 431 (Pa.Super.

---

[4] Turner's brief cites 42 Pa.C.S. 742 (providing this Court has jurisdiction over final orders of the courts of common pleas), and Pa.R.A.P. 342 (discussed *infra*), generally, as bases of jurisdiction. *See* Turner's brief at 2. Of note, the Gailey beneficiaries' brief contains no Pa.R.A.P. 2114 statement of jurisdiction.

- 6 -

2020) (providing that this Court's jurisdiction over an appeal may be determined *sua sponte*). We must make separate examinations as to the initial appeal and the cross-appeal, as neither Pa.R.A.P. 511 (regarding the timing for cross-appeals) nor Pa.R.A.P. 513 (regarding consolidation of multiple appeals) permits a cross-appellant to piggy-back on the original appellant's establishment of jurisdiction. ***See Commonwealth v. Ivy***, 146 A.3d 241, 255 (Pa.Super. 2016) (rejecting Rules 511 and 513 as bases of jurisdiction in quashing defendant's cross-appeal from an interlocutory order that granted in part and denied in part the Commonwealth's motion *in limine*, although this Court had jurisdiction pursuant to Pa.R.A.P. 311(d) over the Commonwealth's appeal from the same order). ***See also Cty. of Butler v. Local 585, Serv. Employees Int'l Union, AFL-CIO***, 631 A.2d 1389, 1392 n.1 (Pa.Cmwlth. 1993) (adjudicating one party's appeal from interlocutory order, but quashing cross-appeal from same order, where the cross-appellant had no immediate right to appeal).

The appealability of orders of orphans' courts is governed by Pa.R.A.P. 342, which provides as follows:

> **(a) General rule.** An appeal may be taken as of right from the following orders of the Orphans' Court Division:
>
> (1) An order confirming an account, or authorizing or directing a distribution from an estate or trust;
>
> (2) An order determining the validity of a will or trust;
>
> (3) An order interpreting a will or a document that forms the basis of a claim against an estate or trust;

(4) An order interpreting, modifying, reforming or terminating a trust;

(5) An order determining the status of fiduciaries, beneficiaries, or creditors in an estate, trust, or guardianship;

(6) An order determining an interest in real or personal property;

(7) An order issued after an inheritance tax appeal has been taken to the Orphans' Court pursuant to either 72 Pa.C.S. § 9186(a)(3) or 72 Pa.C.S. § 9188, or after the Orphans' Court has made a determination of the issue protested after the record has been removed from the Department of Revenue pursuant to 72 Pa.C.S. § 9188(a); or

(8) An order otherwise appealable as provided by Chapter 3 of these rules.

Pa.R.A.P. 342(a). As noted by the orphans' court, the appealed-from order in the instant case does not fit within any specific description of an appealable order enumerated in Rule 342. *See* Orphans' Court Opinion, 3/6/20, at 7. We agree that the order, which assessed surcharges against Turner and denied the Gailey beneficiaries' requests for counsel fees associated with Turner's attempt to remove their counsel, is not appealable under Pa.R.A.P. 342(a)(1)-(7).

We next consider whether the order is otherwise appealable under Chapter 3 of the rules. Chapter 3 provides for the appealability of specific interlocutory orders as of right or by permission, collateral orders, and final orders. *See* Pa.R.A.P. 311, 312, 313, 341.

The December 23, 2019 order did not dispose of all issues and all parties, was not designated by the orphans' court as a final order, and the estate's final account has yet to be confirmed. Hence, the order does not qualify as a final order as defined by Pa.R.A.P. 341(b). *See In re Estate of Cherwinski*, 856 A.2d 165, 166-67 (Pa.Super. 2004) (providing that the order appealable as a final order under Pa.R.A.P. 341 is the one confirming the final account). Nonetheless, we have held that an order imposing a surcharge on an estate's personal representative[5] is immediately appealable, noting that if "the surcharged amount paid to the estate by the representative was in error, then the error may be impossible to correct if addressed after the estate has been distributed." *Id*. at 167 n.2. Accordingly, we conclude that the December 23, 2019 order was immediately appealable as to the surcharges against Turner, and we have jurisdiction to dispose of the merits of Turner's appeal.

We next consider our jurisdiction over the Gailey beneficiaries' cross-appeal. As indicated above, the Gailey beneficiaries ask this court to reverse that portion of the interlocutory December 23, 2019 order that denied their

_____

[5] The orphans' court observed that *In re Estate of Cherwinski*, 856 A.2d 165, (Pa.Super. 2004), and the cases upon which it relied, dealt with surcharges upon the personal representative of an estate, and Turner is no longer in that position. *See* Orphans' Court Opinion, 12/23/19, at 7. While Turner's liability is based upon his actions as the agent of the successor trustee, rather than as the trustee, pursuant to 20 Pa.C.S. § 7777(b) (discussed *infra*), we conclude the distinction makes no difference as to the appealability of the surcharge.

- 9 -

request for counsel fees related to opposing Turner's motion to disqualify their counsel. We have held that an interlocutory order refusing to award counsel fees is not an appealable order. **Compare Hall v. Lee,** 428 A.2d 178, 180 (Pa.Super. 1981) (quashing appeal from interlocutory order refusing to award counsel fees which could be deferred until appeal from final order), **with Dooley v. Rubin**, 618 A.2d 1014, 1018 n.6 (Pa.Super. 1993) (entertaining merits of claim that counsel fees were improperly refused because the denial was incorporated in a final order terminating the litigation).

Further, an interlocutory order adjudicating a fee request made pursuant to 42 Pa.C.S. 2503 does not qualify as an immediately-appealable collateral order. Since it may be challenged in an appeal from the final order terminating the litigation, the Gailey beneficiaries' claim will not be irreparably lost by postponing review. **See Brawley Distrib. Co., Inc. v. Heartland Properties**, 712 A.2d 331, 332 (Pa.Super. 1998) (quashing pretrial order granting an award of attorney fees under 42 Pa.C.S. § 2503(7) and (9)). **Cf. Kulp v. Hrivnak**, 765 A.2d 796, 799 (Pa.Super. 2000) ("Since the instant appeal presents the only chance for Appellants to challenge the attorneys' fees award, we conclude that the order is appealable[.]"). Moreover, the order denying the Gailey beneficiaries' request for counsel fees does not fall within any of the categories immediately appealable as of right provided by Pa.R.A.P.

311,[6] and they did not seek permission for an interlocutory appeal pursuant to Pa.R.A.P. 312.

Therefore, we conclude that we lack jurisdiction to determine the merits of the Gailey beneficiaries' challenge to that portion of the orphans' court's December 23, 2019 order that denied their request for attorney fees pursuant to 42 Pa.C.S. § 2503. Accordingly, we quash the Gailey beneficiaries' cross-appeal.

We now proceed to address the merits of Turner's appeal, mindful of the applicable legal principles. Our review of an orphans' court determination is deferential. This Court will not disturb the decision of the orphans' court "unless there has been an abuse of discretion or a fundamental error in applying the correct principles of law." *In re Estate of Leipold*, 208 A.3d 507, 510 (Pa.Super. 2019). "Because the Orphans' Court sits as the fact-finder, it determines the credibility of the witnesses and, on review, we will not reverse its credibility determinations absent an abuse of that discretion." *In re Estate of Walter*, 191 A.3d 873, 878 (Pa.Super. 2018) (cleaned up). "Where the findings of fact are supported by evidence, our review is limited

---

[6] Rule 311 provides for immediate appeals from orders refusing to open, vacate, or strike off a judgment, relating to attachments, changing criminal venue or venire, relating to injunctions, granting peremptory judgment in mandamus, awarding a new trial, directing partition, sustaining venue or in rem jurisdiction in certain instances, changing venue, certified by the Commonwealth as substantially handicapping a criminal prosecution, overruling preliminary objections in eminent domain cases, or remanding a matter to an administrative agency. *See* Pa.R.A.P. 311(a)-(f).

- 11 -

to rectifying errors of law." *Estate of McCredy*, 470 A.2d 585, 593 (Pa.Super. 1983).

Turner challenges the decision of the orphans' court to impose surcharges on him for his administration of the trust. The following principles guide our consideration of his arguments.

> A surcharge is the penalty imposed for failure of a trustee to exercise common prudence, skill and caution in the performance of its fiduciary duty, resulting in a want of due care. The standard of care imposed upon a trustee is that which a man of ordinary prudence would practice in the care of his own estate. If a fiduciary has greater skill than that of a person of ordinary prudence, then the fiduciary's standard of care must be judged according to the standard of one having this special skill.

*In re Estate of Scharlach*, 809 A.2d 376, 384 (Pa.Super. 2002) (cleaned up) (citing Restatement (Second) of Trusts § 174). "The court must find the following before ordering a surcharge: (1) that the trustee breached a fiduciary duty and (2) that the trustee's breach caused a loss to the trust." *In re Estate of Warden*, 2 A.3d 565, 573 (Pa.Super. 2010).

Turner makes the following three arguments, which he supports with no citations to authority. First, he contends that the orphans' court should not have imposed the $213,251.12 surcharge on him for operational expenditures related to Mt. Corbett because he did not retain those funds, but rather applied them for the maintenance of Mt. Corbett, which inured to the benefit of all the

trust's beneficiaries.[7]  **See** Turner's brief at 10-11.  Second, Turner argues in the alternative that the orphans' court made a calculation error by failing to credit him for the rental income from Mt. Corbett and inflating the amount of funds Turner received from the trust, such that, if any operational surcharge is proper, it should be only $56,777.93.  **Id**. at 12-13.  Third, Turner applies his prior arguments to the capital expenditures surcharge, contending that no surcharge is appropriate because he used those funds to increase the value of a trust asset rather than for his own benefit.[8]  **Id**. at 13-14.

_____

[7] In his brief, Turner also suggests that the surcharge was improper because he was no longer trustee, but merely acting under the direction of Peyton during the time-period at issue, and that the Gailey beneficiaries' petition was untimely.  **See** Turner's brief at 10-11.  However, in his Pa.R.A.P. 1925(b) statement, Turner claimed error only as to the orphans' court's failure to account for the fact that the funds were used to maintain Mt. Corbett and its failure to apply the rental income to offset the operational expenditure surcharge.  **See** Concise Statement, 2/10/20, at (2)(A) ("there should be no operational expenditure surcharge"), (2)(B) ("the operational surcharge should be reduced").  We shall address only those arguments that were raised in his Rule 1925(b) statement.  **See**, **e.g.**, **U.S. Bank, N.A. for Certificateholders of LXS 2007-7N Tr. Fund v. Hua**, 193 A.3d 994, 997 (Pa.Super. 2018) ("Any issues not raised in a 1925(b) statement will be deemed waived.").  In any event, a trustee has the power to delegate powers to an agent.  **See** 20 Pa.C.S. § 7777(a).  When such occurs, "[t]he agent shall comply with the scope and terms of the delegation and shall exercise the delegated duties and powers with reasonable care, skill and caution **and shall be liable to the trust for failure to do so**." 20 Pa.C.S. § 7777(b) (emphasis added).

[8] Turner also argues on appeal that if a capital expenditure surcharge is deemed to be appropriate, it should be reduced to $69,790.19.  **See** Turner's brief at 14-15.  However, while Turner raised both the propriety and the amount of the **operational** expenditures surcharge in his Pa.R.A.P. 1925(b) statement, Turner therein claimed only that imposition of any **capital**

Fundamentally, Turner argues that the investment of the trust funds in Mt. Corbett served to benefit the trust and all of its beneficiaries. However, the orphans' court, after hearing extensive testimony from Turner and his successor, as well as the Gailey beneficiaries, appraisers, individuals who worked at or on Mt. Corbett, and a third-party partial owner of Mt. Corbett, reached the opposite conclusion. The court concluded that Mt. Corbett saw no increase in renters despite the renovations and improvements and the money Turner paid to advertisers and property agencies. *See* Orphans' Court Opinion, 10/22/13, at 65-66. To the contrary, "these actions likely caused more harm than good to the reputation of Mt. Corbett, which now has a poor commercial rental history, which will be disclosed to potential interested buyers." *Id*. at 66. Further, given a possible tax liability of the estate, the court indicated that retaining the cash, or investing it into stocks or bonds rather than foreign real estate, would have better served the trust. *Id*. at 67.

Thus, the record does not support Turner's contention that his contumacious use of the funds nonetheless served to benefit the trust. Nor do the findings of the orphans' court suggest that Turner's expenditures in managing Mt. Corbett had any causal relationship to the rental income it

---

expenditure surcharge was improper, without the alternative contention that it should be a lesser amount. *See* Concise Statement, 2/10/20, at (2)(C) ("there should be no capital expenditure surcharge"). Accordingly, his reduced-amount argument as to the capital expenditure surcharge is not preserved for our review.

realized. As the Gailey beneficiaries note, so far as the record shows, "Mt. Corbett may have had rental income without these expenses." Gailey beneficiaries' brief at 15. Turner has failed to demonstrate that the decision of the orphans' court is the result of "an abuse of discretion or a fundamental error in applying the correct principles of law." *In re Estate of Leipold*, *supra* at 510. As such, no relief is due.

Order affirmed in pertinent part. Cross-appeal quashed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/18/2021